# In the United States Court of Federal Claims

No. 16-840C
(Filed Under Seal: February 17, 2023)
(Unsealed: March 2, 2023)[1]

*****************************************
* * *
**BITMANAGEMENT SOFTWARE GMBH,** *
*
**Plaintiff,** *
v. *
*
**THE UNITED STATES,** *
*
**Defendant.** *
*
*****************************************

## OPINION AND ORDER

Before the Court is Bitmanagement Software GMBH's ("Plaintiff's") Bill of Costs and the United States' (the "Government's") objection to it. As background: On July 15, 2016, Plaintiff filed a complaint against the Government alleging copyright infringement pursuant to 28 U.S.C. § 1498(b). ECF No. 1. On December 9, 2022, the Court entered final judgment in Plaintiff's favor, awarding $154,400.00 for the Government's copyright infringement and $14,195.69 in delay compensation, for a total award of $168,595.69. ECF No. 196. The Court additionally awarded costs to Plaintiff. *Id.*

Plaintiff filed a Bill of Costs, asking this Court to tax costs against Defendant in the amount of $74,610.81 in costs and fees incurred in this action. ECF No. 199. In its objection, although the Government concedes that many of the costs that Plaintiff seeks are proper, it argues that some of the costs appear to be unreasonable and unjustifiable. Thus, the Government asks the Court to reduce Plaintiff's requested costs which it argues are unreasonable.

For the reasons set forth below, Plaintiff's Bill of Costs is **GRANTED IN PART AND DENIED IN PART.**

---

[1] The Court issued this opinion under seal on February 17, 2023, and the Court gave the parties ten days to propose the redaction of competition-sensitive, proprietary, confidential, or otherwise protected information. The parties did not file any proposed redactions. Thus, the Court issues the original opinion unsealed.

I.  **Standard of Review**

Rule 54(d)(1) of the Rules of the Court of Federal Claims ("RCFC") provides that the Court may tax costs in favor of "the prevailing party to the extent permitted by law." RCFC 54(d)(1) (citing 28 U.S.C. § 2412(a)). Federal statute provides that "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States[.]" 28 U.S.C. § 2412(a)(1). The specific items a prevailing party may recover as costs include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. As a prevailing party, Plaintiff bears the burden of establishing entitlement to costs, and "must show that its requested costs are 'allowable, reasonable, and necessary.'" *Colonial Chevrolet Co. v. United States*, 161 Fed. Cl. 132, 138 (2022) (quoting *Sonoma Apartment Assocs. v. United States*, 150 Fed. Cl. 226, 228 (2020)). If Plaintiff demonstrates that it is entitled to costs, the burden shifts to the Government to rebut an award. *See id.* at 138. The decision to award costs "lies within the sound discretion" of the Court. *Id.* at 139.

II.  **Discussion**

As an initial matter, the Court grants the specific items Plaintiff requests in its Bill of Costs, of which the Government does not object. This includes Plaintiff's request for the Fees of the Clerk pursuant to 28 U.S.C. § 1920(1), in the amount of $400.00, and costs pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure ("FRAP"), in the amount of $505.00. Accordingly, these items, totaling $905.00, are taxed as costs in favor of Plaintiff and against the Government.

The Government only objects to certain fees and costs claimed for transcripts, witnesses, exemplification, and copies. For the reasons given below, the Court holds that Plaintiff's requested costs for (1) transcripts are taxable; (2) witnesses are taxable; (3) copies are taxable in part; (4) and costs for exemplification are not taxable. The following table summarizes Plaintiff's Bill of Costs and the Government's objections:

| Category | Plaintiff Contends | Government Position | Government Contends |
|---|---|---|---|
| **Fees of the clerk** *See* 28 U.S.C. § 1920(1) | $ 400.00 | No objection. | $ 400.00 |

| | | | |
|---|---|---|---|
| **Fees for necessary transcripts**<br>See 28 U.S.C. § 1920(2) | $ 21,439.85 | Objection in part. | $ 20,236.10 |
| **Fees for witnesses**<br>See 28 U.S.C. § 1920(3) | $ 5,943.05 | Objection in part. | $ 3,794.98 |
| **Fees for exemplification and necessary copies**<br>See 28 U.S.C. § 1920(4) | $ 46,322.91 | Objection in part. | $ 5,180.91 |
| **Costs incident to depositions** | $ 0.00 | No objection. | $ 0.00 |
| **Costs pursuant to FRAP 39(e)** | $ 505.00 | No objection. | $ 505.00 |
| **Other costs** | $ 0.00 | No objection. | $ 0.00 |
| **Total** | **$ 74,610.81** | Objection in part. | **$ 30,116.99** |

### A. Plaintiff's Costs for Real-Time and Rough Transcriptions are Taxable

Plaintiff requests $ 21,439.85 in costs for "[f]ees for . . . transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also* ECF No. 198; ECF No. 198-1 at 3 ¶ 3; ECF No. 198-2 ¶¶ 4-17. In its objection, the Government objects to $1,203.75 of Plaintiff's requested costs for real-time and rough transcriptions, arguing that Plaintiff does not explain how those costs were necessary and that the costs do not appear justified.

The Government objects to Plaintiff's costs for real-time and rough transcription of: (1) David Kennedy's deposition on May 18, 2018, and (2) the damages hearing on June 14, 2022, because it argues that Plaintiff fails to justify the expenses, and the expenses appear unnecessary in the context of the litigation. *See* ECF No. 198-12 (identifying $292.50 for real-time transcription of the deposition); ECF No. 198-15 (identifying $330.00 for real-time transcription of the hearing); ECF No. 198-2 ¶¶ 14, 17; ECF No. 198-12 (identifying $292.50 for a rough transcript of the deposition); ECF No. 198-15 (identifying $288.75 for a rough transcript of the hearing). The Government argues that the rough deposition transcript for Mr. Kennedy's deposition appears unnecessary, as expedited delivery (as of May 18, 2018) was not required to meet the parties' February 27, 2019, deadline for motions *in limine*. *See* ECF No. 53, 54. Similarly, the Government contends that a rough deposition transcript for the damages hearing appears objectively unnecessary as expedited delivery (as of June 14, 2022) was not required to meet Plaintiff's July 15, 2022, post-trial brief deadline.

This Court agrees with Plaintiff that the costs for the real-time and rough transcriptions of the June 14, 2022, damages hearing and Mr. Kennedy's deposition on May 18, 2018, are reasonable due to the complicated and technical nature of this case. *See Otay Mesa Prop., L.P. v. United States*, 127 Fed. Cl. 146, 149 (2016) ("In general, transcript and reporter fees supported by itemized invoices from the reporting company speak to the reasonableness of those charges.") Further, it is evident that the real-time transcription during the June 14, 2022, damages hearing is justified because both Plaintiff and the Government utilized real-time transcription, which was displayed on a monitor at each counsel table, during the hearing in order to follow the

proceedings and object as necessary.[2] Finally, the Court agrees with Plaintiff that the expedited rough transcript of the June 2022 damages trial was necessary because Plaintiff's post-trial brief was due on July 15, 2022, just one month after the damages hearing. Even with expedited delivery, the rough transcript was not made available until June 23, 2022, ECF No. 183, just a few weeks prior to the brief deadline. Thus, this Court holds that it was reasonable for Plaintiff to expedite completion of the transcript to comply with Court-ordered deadlines.[3] Accordingly, the Court holds that Plaintiff's claimed costs for transcripts in the amount of $21,439.85 are taxed as costs in favor of Plaintiff and against the Government.

### B. Plaintiff's Claimed Fees for its Damages Expert's Travel Expenses are Taxable

Plaintiff seeks $5,943.05 in witness fees for its expert witness, George Graff. The Government objects to certain witness fees in the amount of $2,148.07, connected with Mr. Graff's travel to his deposition in May 2018 and to the damages hearing in June 2022.

Mr. Graff's travel for his deposition lasted five days between May 14 and May 18, 2018, but the Government contends that Plaintiff should only be awarded one-fifth of the total witness fee for this trip because "the deposition began and ended in a single day." ECF No. 200 at 11. In its reply, Plaintiff points out that Mr. Graff traveled from his residence in Westchester County, New York to Washington, D.C. for the deposition, which began at around 9:30 a.m. and did not conclude until around 6:30 p.m., requiring that he travel the day before and after the deposition, rather than the day of the deposition. ECF No. 54-1 at A81-A397. As for the other two days of Mr. Graff's May 2018 travel, Plaintiff explains that Mr. Graff remained in Washington D.C. to attend the deposition of the Government's expert witness, Mr. Kennedy on May 18, 2018.

The Court agrees with Plaintiff that the costs associated with Mr. Graff's travel in May 2018 are reasonable. The governing statute provides that a witness is entitled to an attendance fee "for the time necessarily occupied in going to and returning from the place of attendance" as well as subsistence costs "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(b), (d)(1). Further, the two days that Mr. Graff remained in Washington D.C. to attend Mr. Kennedy's deposition on May 18, 2018, is a reasonable cost

---

[2] *See X Techs., Inc. v. Marvin Test Sys., Inc.*, No. SA-10-CV-319-XR, 2012 WL 13034158, at *1 (W.D. Tex. Feb. 1, 2012) (allowing taxation when "both parties relied heavily on the real-time transcripts during trial"); *Abt Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 AGF, 2016 WL 5470198, at *3 (E.D. Mo. Sept. 29, 2016) (allowing taxation of real-time transcripts "[g]iven the complicated and technical nature of [the] lawsuit").

[3] *See, e.g.*, *Gallier v. Woodbury Fin. Servs., Inc.*, No. CV H-14-888, 2016 WL 11033622, at *1 (S.D. Tex. Oct. 5, 2016) ("Since non-expedited transcripts can take up to 30 days, expediting the trial transcript order was necessary to allow the parties to use the transcripts in their postverdict motions."); *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (awarding costs for expedited transcript fees for a deposition taken within thirty days of the dispositive motions deadline).

because his attendance allowed Plaintiff's counsel to ask questions regarding Mr. Kennedy's analysis during his deposition—which is an appropriate subject for cost-shifting. *See Beraha v. C.R. Bard, Inc.*, 870 F. Supp. 1085, 1092 (N.D. Ga. 1994) ("[E]xpert witnesses may be compensated for time spent awaiting testimony and listening to opposing experts, plus the associated travel time. No reduction is warranted."), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995).

The Government also contends that the costs associated with Mr. Graff's travel to the June 14, 2022, damages hearing should be reduced by two-thirds because Mr. Graff did not ultimately testify at the damages hearing. ECF No. 200 at 12-13. It does not follow that a prevailing party is not entitled to the cost of a rebuttal witness's attendance at a hearing simply because, as the trial unfolded, it proved unnecessary to call the rebuttal witness to testify. Further, the record shows that Plaintiff intended to call Mr. Graff as a witness: (1) Plaintiff noticed Mr. Graff as a rebuttal witness for the hearing and prepared him to testify, ECF No. 180 at 1 (June 2022 witness list explaining that Plaintiff would present Mr. Graff as a rebuttal witness); (2) Mr. Graff attended the entire damages hearing for the purpose of observing Mr. Kennedy's testimony and then testifying in rebuttal, ECF No. 190 at 5 (June 14, 2022 Damages Hearing Tr.); and (3) Plaintiff only determined not to call Mr. Graff as a witness during a recess at the conclusion of Mr. Kennedy's testimony, after which it informed the Court of its decision that, in Plaintiff's judgment, it was not "necessary to call Mr. Graff . . . in light of Mr. Kennedy's testimony" at the hearing. ECF No. 190 at 162.

Because the Court holds that the claimed costs for witness fees associated with Mr. Graff's travel to his deposition in May 2018 and to the damages hearing in June 2022 are reasonable, Plaintiff's claimed costs in the amount of $5,943.05 for witness fees are taxed as costs in favor of Plaintiff and against the Government.

### C. Plaintiff's Claimed Fees for Copying Costs are Taxable in Part

Plaintiff seeks $42,081.66 in fees pursuant to 28 U.S.C. § 1920(4) which allows "copies necessarily obtained for use in the case" to be taxed as costs.[4] Plaintiff's claimed printing costs include: (1) $21,946.80 in in-house printing fees in preparation for the trial and damages hearing; and (2) $20,134.86 paid to a third-party vendor, Epiq eDiscovery Solutions Inc. ("Epiq"), for production of witness and trial preparation binders. Plaintiff incurred in-house printing fees at $0.15 for each black-and-white page and $1.00 for each color page, and Epiq billed Plaintiff $0.09 for each black-and-white page and $0.45 for each color page. *See* ECF No. 198-2 ¶¶ 23-24.

---

[4] Plaintiff asserts that these costs for copying are pursuant to 28 U.S.C. § 1920(3), which allows "[f]ees and disbursements for printing" to be taxed as costs. Plaintiff argues that it printed pages to be placed in binders and did not print copies, and therefore Plaintiff argues that § 1920(3) applies, which does not include the same requirement of § 1920(4) that the printing be "necessarily obtained for use in the case." Plaintiff's Bill of Costs shows, however, that many of Plaintiff's printing orders included multiple copies of a single document. *See e.g.*, ECF No. 198-20 at 8 (20 sets); *id.* at 9, 13-17 (7 sets); ECF No. 198-21 at 6-7 (10 sets). Thus, this Court holds that § 1920(4) applies to Plaintiff's claimed printing costs.

In its objection, the Government objects to: (1) Plaintiff's in-house printing rate; and (2) the volume of pages printed. The Government argues that Plaintiff's in-house printing rates are unreasonable in comparison with the printing rates charged by Epiq, and it asks the Court to reduce Plaintiff's in-house printing rates to be equivalent to Epiq's rates. Plaintiff fails to explain why it used the higher in-house printing rates as opposed to Epiq's lower rates. In its reply, Plaintiff contends that it copied a large volume of documents in-house because "[t]here are times when convenience, expediency, or the size of the order requires parties to use in-house printing services to supplement their third-party printing."[5] ECF No. 201 at 6. Other than this vague statement that printing in-house was more convenient for counsel, Plaintiff does not sufficiently account for the necessity of using printing rates that are nearly double the rates charged by Epiq. *See Standard Commc'ns., Inc. v. United States*, 106 Fed. Cl. 165, 175-76 (2012) ("[c]opies that are for the convenience of [its] attorneys . . . are not taxable.). The difference in rates is significant when applied to a volume of over 60,000 pages that Plaintiff asserts were printed in-house. *See* ECF No. 198-2 ¶¶ 23-24. Because Plaintiff's in-house printing rates are unreasonable, the Court reduces Plaintiff's in-house printing rates to an amount equal to Epiq's rates as shown in the table below. *See infra* pp. 7-8.

The Government also takes issue with the number of copies that Plaintiff printed in this case, arguing that the amount is excessive. Plaintiff's exhibits show, the Government contends, that it copied at least 223,903 pages and prepared at least 199 binders which includes: (1) at least 181,178 pages in connection with the 2019 trial; and (2) at least 42,725 pages in connection with the 2022 damages hearing on remand. *See* ECF No. 198-2 ¶ 23, ¶ 24, ECF No. 198-20, ECF No. 198-21, ECF No. 198-22 through 198-36. The Government explains that one complete set of Plaintiff's trial exhibits and joint trial exhibits prepared before the 2019 trial and the 2022 damages hearing[6] consisted of 3,691 pages.[7] *See* ECF No. 114. Pursuant to its objection, the Government asks the Court to reduce the taxable number of copied pages by only allowing one-sixth the total amount claimed on all printing invoices.

The Court may tax costs for duplication of papers, if the Court determines that these expenses were both reasonable and necessary to the litigation. *See* 28 U.S.C. § 1920(4). Because "the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." *Standard Commc'ns., Inc.*, 106 Fed. Cl. at 175-76 (quoting *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009)). A lack of information "describing what documents were photocopied, and for

---

[5] Plaintiff provides a declaration stating that Plaintiff's in-house printing fees include the cost of 13,119 black-and-white pages printed at $0.15 each and 6,692 color pages printed at $1.00 each in March and April of 2019 in preparation for trial and 34,633 black-and-white pages printed at $0.15 each and 8,092 color pages printed at $1.00 each between April and June of 2022 in preparation for the damages hearing. ECF No. 198-2 ¶¶ 23-24.

[6] Plaintiff did not add any new witnesses or introduce any new exhibits prior to the 2022 damages hearing.

[7] The Government's trial exhibits are not included in this number because the Government provided copies of its own exhibits for use at trial.

what purpose, prohibits the Court from weighing in on the necessity of the photocopying and exemplification charges." *Id.* (quoting *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, No. 03 C 6508, 2008 WL 4534162, at *1 (N.D. Ill. Oct. 3, 2008)).

Again, Plaintiff's justification for its copying costs is inadequate because it fails to identify which documents were copied and the number of copies made.[8] Although Plaintiff states in its reply that that this printing was necessary to produce witness and trial preparation binders and to ensure sufficient copies of exhibits and witness statements, this explanation does not account for the excessive number of pages printed. Plaintiff copied 223,903 pages, which is more than 60 times the total number of pages in the relevant trial exhibits prepared for the 2019 trial and the 2022 damages hearing (3,691 pages).[9] Because Plaintiff does not provide specifics regarding what documents were printed, the Court is unable to justify the sheer volume of printing costs that Plaintiff claims. *Id.* at 176 (rejecting such costs because the plaintiff "failed to provide adequate documentation to demonstrate the nature and purpose of the copies.").

Because this Court holds that Plaintiff fails to account for the number of copies made, the Court reduces Plaintiff's taxable number of copied pages as the Government suggests by only allowing one-sixth the total amount claimed on all printing invoices. Reducing the taxable costs by one-sixth will allow a total of 37,317 taxable pages, which is approximately ten times the total number of relevant trial exhibit pages filed in this case.[10] Based on its objections to this category, the Government contends, and this Court agrees, that Plaintiff's specific costs for this category are as follows:

| Subcategory Necessary Copies | Plaintiff Contends | Government Position | Government Contends |
|---|---|---|---|
| Printing - In-house *See* ECF No. 198-2 ¶¶ 23-24 | $ 21,946.80 | Objection to rates (using Epiq rates). Objection to volume (reduced to 1/6). | $ 1,825.08 |
| Printing - Epiq 3/31/2019 *See* ECF No. 198-2 ¶ 25 | $ 1,883.31 | Objection to volume (reduced to 1/6). | $ 313.89 |
| Printing - Epiq 3/31/2019 *See* ECF No. 198-2 ¶ 26 | $ 1,358.20 | Objection to volume (reduced to 1/6). | $ 226.37 |
| Printing - Epiq 4/9/2019 *See* ECF No. 198-2 ¶ 27 | $ 767.08 | Objection to volume (reduced to 1/6). | $ 127.85 |

---

[8] Although Plaintiff's exhibit of the in-house printing orders shows the number of copies made, those invoices still do not identify which document was copied.

[9] One set of joint trial exhibits and Plaintiff's trial exhibits prepared before the 2019 trial totaled 3,691 pages. *See supra* p. 6.

[10] The number of relevant trial exhibit pages filed in this case is significant because "Documents filed with the Court are presumed to have been necessarily obtained for use in the case." *Salem Fin., Inc. v. United States*, 134 Fed. Cl. 544, 548 (2017) (citation omitted).

| | | | |
|---|---|---|---|
| Printing - Epiq 4/18/2019 See ECF No. 198-2 ¶ 28 | $ 1,626.47 | Objection to volume (reduced to 1/6). | $ 271.08 |
| Printing - Epiq 4/18/2019 See ECF No. 198-2 ¶ 29 | $ 358.66 | Objection to volume (reduced to 1/6). | $ 59.78 |
| Printing - Epiq 4/18/2019 See ECF No. 198-2 ¶ 30 | $ 501.51 | Objection to volume (reduced to 1/6). | $ 83.59 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 31 | $ 364.93 | Objection to volume (reduced to 1/6). | $ 60.82 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 32 | $ 468.49 | Objection to volume (reduced to 1/6). | $ 78.08 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 33 | $ 2,021.28 | Objection to volume (reduced to 1/6). | $ 336.88 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 34 | $ 826.16 | Objection to volume (reduced to 1/6). | $ 137.69 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 35 | $ 6,151.02 | Objection to volume (reduced to 1/6). | $ 1,025.17 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 36 | $ 1,043.74 | Objection to volume (reduced to 1/6). | $ 173.96 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 37 | $ 233.26 | Objection to volume (reduced to 1/6). | $ 38.88 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 38 | $ 1,049.78 | Objection to volume (reduced to 1/6). | $ 174.96 |
| Printing - Epiq 4/29/2019 See ECF No. 198-2 ¶ 39 | $ 1,480.97 | Objection to volume (reduced to 1/6). | $ 246.83 |
| **Total** | **$ 46,322.91** | Objection in part. | **$ 5,180.91** |

ECF No. 200 at 20. Thus, the Court taxes costs in favor of Plaintiff and against the Government in the amount of $5,180.91 for copying costs pursuant to 28 U.S.C. § 1920(4).

### D. Plaintiff's Costs for Preparing Demonstratives are Not Taxable

Plaintiff seeks $4,241.25 in costs paid to a third-party vendor to prepare demonstratives and asserts that this cost is taxable under 28 U.S.C. § 1920(4), which allows fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In its Bill of Costs, Plaintiff attached an invoice for this expense, showing 14.50 hours of work completed by three people. ECF No. 198-37. Although the invoice shows that multiple demonstratives were created, Plaintiff only attached one demonstrative to its brief on the issue of damages. See ECF No. 146-1. The chart, identified as Appendix A, is one-page in length and summarizes data explained in Plaintiff's brief regarding damages calculations. Plaintiff explains in its Bill of Costs that preparation of the demonstrative was necessary to respond to the Court's instruction that the Parties "shall itemize the damages." ECF No. 143.

The Government asserts that the Plaintiff's asserted costs to prepare demonstratives illustrating its damages arguments in Court-ordered briefing are not reimbursable as "exemplification" under 28 U.S.C. § 1920(4). The Court agrees with the Government. The

Federal Circuit has ruled that § 1920(4) does not include "the broad phrase 'demonstrative evidence' . . . and we are clearly bound not to exceed the limits of this statute." *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).[11]  The Federal Circuit explains that the legal definition of exemplification is "an official transcript of a public record, authenticated as a true copy for use as evidence." *Id.* (quoting Black's Law Dictionary 593 (7th ed. 1999)).  Thus, this Court does not agree with Plaintiff's contention that "exemplification" should be construed broadly to include the demonstrative chart in this case which summarizes data already explained in Plaintiff's brief on damages.  *See Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1374 (Fed. Cir. 2006) (stating that a court's discretion is limited to awarding costs that are within the scope of § 1920).

Further, even if the Court concluded that this item is considered an exemplification under § 1920(4), Plaintiff has not shown that the claimed cost is reasonable.  Although Plaintiff only used a one-page slide as an illustration for its brief on damages, Plaintiff did not purport to apportion the cost to create a one-page slide from the amount billed which included 14.50 hours of work to create multiple slides.  Therefore, this Court holds that Plaintiff's claimed costs to prepare demonstratives illustrating its damages arguments during briefing are not taxable as "exemplification" under 28 U.S.C. § 1920(4).

### III.    Conclusion

For the foregoing reasons, Plaintiff's Bill of Costs is **GRANTED IN PART and DENIED IN PART**.  The Court taxes costs in favor of Plaintiff and against the Government as follows: (1) $400 in fees of the Clerk; (2) $21,439.85 in fees for transcripts; (3) $5,943.05 in fees for witnesses; (4) $5,180.91 in fees for copies; and (5) $505.00 in costs pursuant to FRAP 39(e).  Accordingly, the Clerk is directed to tax costs in the amount of $33,468.81 in favor of Plaintiff and against the Government.

**IT IS SO ORDERED.**

s/ Edward J. Damich
EDWARD J. DAMICH
Senior Judge

---

[11] In its reply, Plaintiff argues that the Federal Circuit has allowed the taxation of costs associated with preparing demonstratives.  *See, e.g.*, *Deere & Co. v. Duroc LLC*, 650 F. App'x 779, 783 (Fed. Cir. 2016) (finding "trial exhibit creation and presentation . . . within the statute's constraints").  Although the Federal Circuit found that a trial exhibit presented at trial was within the statute's constraints, that case is distinguishable because the Court in *Deere & Co.* was applying Eighth Circuit law.  *Id.*  ("we conclude that the Eighth Circuit would reasonably find the district court's taxation to be within its discretion and within the statute's constraints.").